**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JONES, WALDO, HOLBROOK &
MCDONOUGH, a Utah professional
law corporation,

    Plaintiff,

v.

DAVID G. CADE,

    Defendant-Appellant,

UNITED STATES OF AMERICA,

    Defendant-Appellee,

  and

DANIEL L. BARTLEY; SHARON L.
GREEN; KRUSE LANDA &
MAYCOCK, a Utah professional law
corporation; COHNE, RAPPAPORT &
SEGAL, P.C., a Utah professional law
corporation; KINNAMON GROUP, a
Utah corporation,

    Defendants.

No. 07-4008

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:01–CV–933–PGC)**

Harold A. Chamberlain, Houston, Texas, for Defendant-Appellant.

Karen G. Gregory (Eileen J. O'Connor, Assistant Attorney General, Brett L. Tolman, United States Attorney - Of Counsel, Robert W. Metzler and John A. Nolet on the briefs), Washington, D.C., for Defendant-Appellee.

Before **TYMKOVICH, McKAY,** and **SEYMOUR,** Circuit Judges.

**McKAY**, Circuit Judge.

David G. Cade appeals from the district court's order denying his Motion to Enforce Court's Final Judgment in an interpleader action. The district court apparently treated Mr. Cade's motion as a motion to clarify its judgment. *See* Fed. R. Civ. P. 60(a); *Deboard v. Sunshine Mining & Ref. Co.*, 208 F.3d 1228, 1245–46 (10th Cir. 2000) (explaining a district court may treat a motion to enforce a judgment as a motion for clarification of judgment). Mr. Cade argues that the district court erred when it denied his motion and held that the order in the interpleader action had not extinguished Mr. Cade's outstanding tax liabilities to the United States of America.

We exercise jurisdiction over this appeal under 28 U.S.C. §1291. We review a district court's ruling on a Rule 60(a) motion for abuse of discretion. *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 680 (10th Cir. 1989).

This case is the second appeal arising from a settlement agreement between Mr. Cade and Zions First National Bank in which Mr. Cade became entitled to a $1,750,000 award. Because many claimants, including the Government, approached Zions asserting their rights to portions of the award, Zions filed an interpleader motion with the state court and then deposited the fund with the court after the motion was granted. The Government then removed the case to federal district court based on its lien on Mr. Cade's property. *See* 28 U.S.C. §§ 1444, 2410.

All fund claimants, including the Government, then filed summary judgment motions in the district court asserting their respective rights to the fund. The combined amount Mr. Cade's debtors claimed in their respective motions exceeded the $1,750,000 in the fund. The claimants "negotiated [a] proposed settlement without Cade because they were determining the priority of the claimants" and "the reduced amount of each party's claim *to the fund* because the aggregate claims exceeded" the fund amount. *Jones, Waldo, Holbrook & McDonough v. Cade*, 98 F. App'x 740, 749 (10th Cir. 2004) (emphasis added). The claimants delineated the disbursement priorities and amounts in a consent agreement they submitted to the district court.

Mr. Cade filed an affidavit expressing reasons why the district court should not adopt the consent agreement. In it, Mr. Cade stated he "was not a party" to the consent agreement (R. at 92) and characterized it as a settlement "agreeing to

the distribution of certain amounts in full satisfaction of [the claimants']

respective claims to the funds interpleaded in this action" (R. at 91). He also

complained that because the IRS would be "taking a lesser amount than its claim,

the unpaid amount of this asserted claim [would] still be a valid assessment

against Cade." (R. at 95–96.)

The district court simultaneously granted all the claimants' summary

judgment motions and ordered disbursement according to their consent

agreement. In its subsequent opinion explaining the disbursement order, the

district court did not discuss lien priorities. This court affirmed the judgment on

appeal. *Cade*, 98 F. App'x at 749.

The Government's tax assessment against Mr. Cade in February 2003 was

for $791,867.97, but under the Agreement and the district court's disbursement

order, the Government received only $575,000. The disbursement order

explained the Government's claims "were properly assessed, and [the

Government] agreed to a large reduction [sic] Mr. Cade's outstanding debt." (R.

at 122.) However, the order then stated:

> The court understands that this disbursement completely resolves the
> parties['] claims against Mr. Cade for the relevant claims discussed
> here. If not, any interested parties must file briefs within 10 days of
> this order demonstrating good cause as to why the disbursement does
> not settle their claims against Mr. Cade discussed here.

(R. at 123.) In his motion, Mr. Cade claimed this language extinguished the

Government's claim against him for the remainder of the overdue taxes because:

the court stated the Government agreed to a large debt reduction, the order completely resolved the parties' claims, and the Government did not file a brief demonstrating why the disbursement did not fully settle its claims within 10 days.

The district court clarified its order explaining Mr. Cade ignored the words "discussed here" and misunderstood the limited nature of the issue resolved in the interpleader action that decided "only various claimants' priority to disbursements of certain funds deposited with the court." (R. at 219.) The Government's claim was only "to the funds deposited in the registry of [the district court]." (R. at 70.) The district court's statement that the Government had agreed to a large reduction meant "only that [the Government] agreed to receive $575,000, as its portion of the $1,750,000 at issue, rather than the [full amount] it sought." (R. at 222.) The issue of Mr. Cade's outstanding tax liability was "never argued before the district court." (*Id.*)

In an interpleader action, "[t]he district court's [i]n personam jurisdiction extends only to the fund deposited with the court." *United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978). We have held there is an exception to this jurisdictional limitation in an interpleader action: if a party interposes a compulsory counterclaim, the district court has jurisdiction over the compulsory counterclaim. *See Liberty Nat'l Bank*, 540 F.2d at 1381. Generally, however, the only issue in this type of interpleader action is "who is entitled to the fund and in what proportions." *Major Oil*, 583 F.2d at 1159 (internal quotation marks

omitted).  Accordingly, the court's judgment in an interpleader action is limited to the fund in question unless a party has asserted a compulsory counterclaim.  *See Major Oil*, 583 F.2d at 1160; *Liberty Nat'l Bank*, 540 F.2d at 1381.

Mr. Cade misunderstands the jurisdictional limitations of an interpleader action.  In this action, the district court could only adjudicate claims related to the fund.  Nothing in any of the district court's orders bars the Government from independently seeking to satisfy its claim against Mr. Cade for the balance of his tax liabilities.  Furthermore, had the district court attempted to resolve the issue as Mr. Cade suggests, we would have had to reverse for the district court's lack of jurisdiction over Mr. Cade's outstanding tax liabilities in this interpleader action.  The district court adhered to its proper jurisdictional limitations when it denied Mr. Cade's post-judgment motion.  We **AFFIRM**.