**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY DRAKE HANSEN,

　　Plaintiff - Appellant,

v.

SALT LAKE CITY CORPORATION,

　　Defendant - Appellee.

No. 18-4104
(D.C. No. 2:15-CV-00722-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MORITZ**, and **EID**, Circuit Judges.
_____

　　Larry Drake Hansen, proceeding pro se, appeals the district court's judgment dismissing his civil rights action under Fed. R. Civ. P. 12(b)(6) and its order denying his post-judgment motion under Fed. R. Civ. P. 60(a) and (b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2012, Hansen was assaulted during a late-night walk down Main Street in Salt Lake City, Utah. He suffered numerous injuries, including bruises, abrasions, a broken nose, and damage to his hamstring ligament. Although other people in the area witnessed the attack, Hansen did not see his assailant and was unable to identify him later in a police line-up. But he believes the police photographed the suspects, and a bystander told him the assailant was wearing a black jacket and a white t-shirt with red stains (possibly blood). No arrests were made, and no criminal charges were filed relating to the assault on Hansen.

In 2015, Hansen filed a civil rights action against the Salt Lake City Police Department ("the Police Department") under 42 U.S.C. § 1983, though the Salt Lake City Corporation was later substituted as the proper defendant. The operative (second amended) complaint asserts state law claims for gross negligence, due process claims under the Fifth and Fourteenth Amendments to the federal and state constitutions, and a violation of Hansen's constitutional right to access the courts. Relevant to this appeal, Hansen alleges that the police failed to adequately, diligently, thoroughly, and timely investigate the assault, such that he was precluded from filing a civil action against his unidentified assailant. He seeks over $5.7 million in compensatory damages and unspecified punitive damages.

The Police Department filed a motion to dismiss under Rule 12(b)(6). The magistrate judge issued a Report and Recommendation, recommending that the motion to dismiss be granted and that the entire action be dismissed with prejudice.

2

Hansen conceded several claims within his objections, leaving only his federal access-to-the-courts claim and his state constitutional claims. The district court limited its analysis accordingly. It adopted the Report and Recommendation in part, dismissing the federal claim with prejudice; however, it declined to exercise supplemental jurisdiction over the state constitutional claims and dismissed them without prejudice. Hansen filed a Rule 60 motion for reconsideration, which was denied. Hansen timely appealed both the dismissal order and the order denying his Rule 60 motion.

## Analysis

### I.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must allege specific facts that would support the conclusion that he is entitled to relief. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[M]ere labels and conclusions . . . will not suffice.") (internal quotation marks omitted). The district court's dismissal under Rule 12(b)(6) is subject to de novo review. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

Because Hansen is proceeding without the assistance of counsel, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of

legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Nor will we "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

We turn first to the access-to-the-courts claim. Hansen asserts that he could not file a state-court civil action against his assailant before the statute of limitations expired because the Police Department did not process crime-scene evidence or identify his assailant. This type of claim is known as a "backward-looking" access claim. *See Christopher v. Harbury*, 536 U.S. 403, 405, 412-15 (2002) (in which the plaintiff alleged government deception prevented her from bringing a lawsuit that might have saved the life of her husband, who was a foreign dissident). The district court traced the history of such a claim back to *Harbury*. R. at 136. It then explained how the circuit courts recognizing such a claim have done so only where obstructive actions by state actors (such as destruction or concealment of evidence) prevented an individual from pursuing a civil claim. R. at 137-38. It found Hansen's claim to be "qualitatively different" in that he alleged "the city did not try hard enough to assist his civil litigation efforts against an unknown third party." R. at 138. Ultimately, the district court held that his claim fails as a matter of law "[b]ecause the Constitution does not impose a duty on government entities to actively assist the civil litigation efforts of crime victims." R. at 139.

4

We affirm the dismissal of the access-to-the-courts claim for the reasons set forth in the district court's well-reasoned order. We agree Hansen's theory has no basis in Supreme Court or Tenth Circuit case law. Hansen's claim rests on a purportedly "reckless investigation," *see* R. at 11, which is not the type of wrongful or intentional police behavior that a backward-looking access claim seeks to redress. Moreover, in attacking the Police Department's due diligence, Hansen effectively asks the judiciary to micromanage how the Police Department performs investigations and allocates its resources. We decline to enter such a morass, and indeed it would be inappropriate for us to do so. *See, e.g.*, *Muehler v. Mena*, 544 U.S. 93, 110 (2005) ("[A] court should not ordinarily question the allocation of police officers or resources[.]").

We also agree with, and therefore affirm, the district court's decision to dismiss the state constitutional claims without prejudice. It is well established that when all federal claims have been dismissed, as is the case here, "the court may, and usually should, decline to exercise [supplemental] jurisdiction over any remaining state claims." *VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1150 (10th Cir. 2017) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

## II. Motion for Reconsideration

Hansen moved for reconsideration of the district court's order under Rule 60(a), (b)(1), and (b)(6), alleging mistake and clear error. He reiterated his earlier arguments for his federal access-to-the-courts claim, albeit with a focus on the Police

5

Department's failure to process material evidence, and posited that the district court's ruling will force assault victims around the country to take matters into their own hands to "'settle the score' with their attacker(s)" and "to reap 'justice.'" R. at 146. He also asked the district court to examine his state constitutional claims "following certification to, and determination by, . . . the Utah Supreme Court." R. at 148.

The district court denied the motion. It reasoned that relief was inappropriate under Rule 60(a) because Hansen did not identify "a clerical mistake or a mistake arising from oversight or omission," as required, *see* Fed. R. Civ. P. 60(a), and because "Rule 60(a) may not be used to change something which has been deliberately done," R. at 153-54 (quoting *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980)). It also found relief was unwarranted under Rule 60(b)(1) due to Hansen's failure to identify a mistake of law or fact by the district court or, alternatively, to provide persuasive reasons why the court should adopt his position. Finally, it concluded Hansen was not entitled to relief under Rule 60(b)(6) because his argument was impermissibly duplicative of his Rule 60(b)(1) argument. *See State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996) ("A court may not premise Rule 60(b)(6) relief . . . on one of the specific grounds enumerated in clauses (b)(1) through (b)(5).").

We review the district court's denial of Hansen's Rule 60 motion for an abuse of discretion. *See Jones, Waldo, Holbrook & McDonough v. Cade*, 510 F.3d 1277, 1278 (10th Cir. 2007) (Rule 60(a) motion); *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (Rule 60(b) motion). We will reverse the district court's

6

determination "only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (ellipsis and internal quotation marks omitted). Here, too, we agree with the district court's sound reasoning. Finding no abuse of discretion, we affirm.

## Conclusion

We affirm the district court's judgment dismissing this action under Rule 12(b)(6) and its order denying Hansen's motion for reconsideration under Rule 60(a) and (b).

Entered for the Court

Allison H. Eid
Circuit Judge