FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

LANCE CASSINO,

    Plaintiff - Appellant,

v.

JP MORGAN CHASE BANK
NATIONAL ASSOCIATION, U.S. BANK
NATIONAL ASSOCIATION, ASHLEY
JORDAN, SERINA LEE, RAYMOND
SKERLING, II, AND ROBERT
HOFFMAN,

    Defendants - Appellees.

No. 22-1049
(D.C. No. 1:20-CV-03228-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON** Circuit Judges.
_____

Plaintiff Lance Cassino, appearing pro se, appeals from the district court's

denial of his Fed. R. Civ. P. 60(a) motion to correct a clerical mistake in the final

judgment.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

On September 26, 2005, Cassino executed a $200,000 promissory note (Note) in favor of Community Mortgage Group in connection with property that Cassino owned in Jefferson County, Colorado (the Property). The Note was secured by a deed of trust recorded in Jefferson County, Colorado, on October 6, 2005 (Deed of Trust). Together, the Note and Deed of Trust comprised a mortgage loan (Mortgage Loan) that was serviced by defendant JP Morgan Chase Bank National Association (Chase).

On September 21, 2011, Chase recorded a document titled "Corporate Assignment of Deed of Trust" (Assignment). The Assignment purported to transfer the record interest in the Deed of Trust to Chase.

On November 16, 2011, Chase filed a civil complaint against Cassino in the District Court for Jefferson County, Colorado, seeking to reform the legal description in the Deed of Trust and to foreclose on the Property. On March 11, 2013, Chase and Cassino entered into a settlement agreement resolving the claims and counterclaims in the 2011 case. Under the terms of the settlement agreement, Chase paid Cassino $10,000 for attorney's fees and the dismissal of his counterclaims. Cassino was, under the terms of the settlement agreement, to take steps to complete a desired subdivision of the Property. That subdivision, however, was never completed.

On June 28, 2017, Cassino filed a civil action in the District Court for Jefferson County, Colorado, against Chase. In that 2017 action, Cassino asserted a variety of state tort claims, a quiet title claim, and a claim under the Fair Debt

Collection Practices Act (FDCPA). All of the claims related to the Property and Chase's purported interest in the Deed of Trust for the Property. Chase filed a number of counterclaims against Cassino, including a counterclaim for breach of the settlement agreement in the 2011 case and a counterclaim for judgment on the Note.

Chase ultimately prevailed on the claims and counterclaims. Specifically, the claims and counterclaims were resolved as follows: (a) shortly before a combined bench/jury trial, the district court granted summary judgment in favor of Chase on Cassino's claim for fraud/misrepresentation; (b) the district court entered a directed verdict in favor of Chase on Cassino's claims for interference with contractual relations, spurious documents, violations of the FDCPA, and quiet title; (c) the jury found in favor of Chase on its counterclaim for breach of the settlement agreement in the 2011 case and awarded it $10,000 in damages; (d) the district court granted Chase's request for directed verdict on its counterclaims for judicial foreclosure, instructed the jury to determine the amount owed to Chase on the judgment on the note claim, and the jury awarded Chase $301,450.20; (e) the district court found in favor of Chase on its counterclaim for spurious document, concluding that Cassino's Truth in Lending Act rescission notice was groundless and baseless; and (f) the district court awarded Chase $144,004.75 in attorneys' fees and $11,586.97 in costs.

On March 6, 2020, Cassino filed a notice of appeal with the Colorado Court of Appeals.

II

On October 28, 2020, while his appeal was pending before the Colorado Court of Appeals, Cassino filed this federal lawsuit against Chase, three of its officers who executed documents relating to the underlying Mortgage (defendants Lee, Jordan, and Skerling), and an attorney who represented Chase in the 2017 Colorado state court action (defendant Hoffman). Cassino's complaint alleged generally that he was seeking "to redress the damage inflicted on [him] by Chase's fraudulent actions and activities in seeking to dispossess him of . . . his property." ECF No. 1 at 3. The complaint in turn detailed the history of Cassino's relationship with Chase and the Property. Ultimately, Cassino's complaint reasserted the claims that Cassino had asserted against Chase in the 2017 Colorado state court action, including claims for relief against Chase for interference with contractual relations, fraud/misrepresentation, spurious documents, violation of the FDCPA, and rescission of the Note and Deed of Trust pursuant to the Truth in Lending Act.

Defendants moved to dismiss Cassino's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. Defendants argued in their motion to dismiss that the *Younger* and *Colorado River* abstention doctrines precluded Cassino from pursuing his claims in federal court. Defendants also argued that, because Chase had standing to enforce the Note and Deed of Trust, Cassino's claims failed to state a claim upon which relief could be granted.

4

The district court referred defendants' motion to the magistrate judge. On August 17, 2021, the magistrate judge issued a written recommendation recommending that defendants' motion be granted. Specifically, the magistrate judge concluded that the *Colorado River* abstention doctrine applied and that the relevant factors "weigh[ed] heavily in favor of abstaining from the exercise of jurisdiction under the specific circumstances of this case." ECF No. 45 at 12. As for "whether th[e] case should be dismissed or . . . stayed pending resolution of state court proceedings," the magistrate judge concluded that, "because of the federal claims" alleged by Cassino, "that a stay and administrative closure pursuant to D.COLO.L.CivR 41.2 [wa]s most appropriate." *Id*.

On September 27, 2021, the district court issued an order overruling Cassino's written objections to the magistrate judge's recommendation and accepting that recommendation. The district court "considered the *Colorado River* factors independently and as a whole," and ultimately "agree[d] with the magistrate judge's conclusion that abstention [wa]s appropriate in this case." ECF No. 50 at 8. Consequently, the district court granted defendants' motion to dismiss and directed the clerk of the court "to ADMINISTRATIVELY CLOSE this case." *Id*.

On October 26, 2021, the clerk of the district court entered final judgment in the case. The final judgment stated, in pertinent part:

> Pursuant to the Order (Doc. 50) entered by Judge Raymond P. Moore, it is
> ORDERED that judgment is hereby entered in favor of the defendants and against the plaintiff. It is
> FURTHER ORDERED that this case is closed.

ECF No. 51 at 1.

On January 25, 2022, Cassino filed a motion pursuant to Federal Rule of Civil Procedure 60(a) to correct what he claimed was a clerical mistake in the final judgment. Cassino argued in his motion that the clerk of the district court "erred when attempting to carry out th[e] Court's Order to *administratively* close this case" because the final judgment stated only that "'this case is closed.'" ECF No. 56 at 2 (emphasis in original). Cassino asked the district court to "direct the Clerk to correct the Final Judgment to reflect the fact that this case has been 'ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause.'" *Id*. at 3–4.

On January 27, 2022, the district court denied Cassino's motion by way of a text-only docket entry that stated, in pertinent part, "The Court has considered the Motion, and it is hereby DENIED." ECF No. 57.

On February 22, 2022, Cassino filed a notice of appeal from the district court's text-only docket entry denying his motion to correct a clerical mistake in the final judgment.

### III

Cassino asserts in his appeal that the district court erred in denying his motion to correct a clerical mistake in the final judgment. "We review a district court's ruling on a Rule 60(a) motion for abuse of discretion." *Jones, Waldo, Holbrook & McDonough v. Cade*, 510 F.3d 1277, 1278 (10th Cir. 2007).

6

Cassino argues that the district court's denial "is fraught with future consequences" for him. Aplt. Br. at 13. Specifically, Cassino argues that a case that is administratively closed "can be reopened [for good cause] pursuant to D.C.COLO.LCivR 41.2," but that a case that is simply closed "can never be reopened for any cause." Id. at 15. "By refusing to correct the error in the Final Judgment," Cassino argues, the district court "deprived" him of his right to seek reopening of the case upon a showing of good cause. *Id*. at 16.

After reviewing the relevant district court pleadings, we are not persuaded that the district court abused its discretion in denying Cassino's Rule 60(a) motion. The final judgment expressly noted, in pertinent part, that the clerk of the district court was acting "[p]ursuant to the Order (Doc. 50) entered by" the district court and "clos[ing]" the case. ECF No. 51 at 1. In our view, the final judgment is thus entirely consistent with the expressly referenced order which, as noted, adopted the magistrate judge's recommendation, granted the defendants' motion to dismiss, and directed the clerk of the district court to "ADMINISTRATIVELY CLOSE this case." ECF No. 50 at 8. Had the district court determined the final judgment to be inconsistent with its prior order, it surely would have said so rather than denying Cassino's Rule 60(a) motion.

Moreover, we are not persuaded, as Cassino now suggests in his appeal, that the district court's direction to "ADMINISTRATIVELY CLOSE this case" was intended to authorize the case to be reopened for good cause in the future pursuant to D.C.COLO.LCivR 41.2. The district court's order did not cite to that local rule, nor

7

did it otherwise state that the case could be reopened for good cause. *See Quinn v. CGR*, 828 F.2d 1463, 1465 (10th Cir. 1987) (construing district court's order directing the case "closed, to be reopened upon a showing of good cause," to be the equivalent of a stay rather than a dismissal). And with good reason. When, as here, a district court invokes the *Colorado River* abstention doctrine, it has discretion to either stay or dismiss the case. *See Fox v. Maulding*, 16 F.3d 1079, 1081–82 (10th Cir. 1994). But, as the Supreme Court has noted, "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 1983). And that, we conclude, was the intent of the district court in this case, i.e., to dismiss the matter and play no further role in resolving any substantive part of the case.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge