**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                             No. 01-3126

VICKI DISTEFANO,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 00-CV-2267-CM)**

---

Submitted on the briefs:

James E. Flory, United States Attorney, and Nancy Landis Caplinger, Assistant
United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

Vicki Distefano, pro se.

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Defendant-appellant Vicki Distefano appeals from the district court's order granting summary judgment to the United States of America. [1] The United States, acting through its agency the Department of Education (DOE), brought this action seeking to recover on defaulted student loans made to Ms. Distefano under federally funded loan programs authorized under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §§ 1071-1087-4 ("Title IV-B"). Ms. Distefano contends that the loans have been paid in full, and that this action is barred by the statute of limitations.

On June 9, 1981, Ms. Distefano signed a promissory note in favor of the Home State Bank of Kansas City, Kansas ("Home State Bank"), in the principal amount of $2,500, with an interest rate of nine percent. On August 18, 1981, Ms. Distefano signed a second promissory note in favor of Home State Bank in the amount of $500, also carrying an interest rate of nine percent. The loan obligation evidenced by the two notes was guaranteed by a guaranty agency, and then reinsured by the DOE under Title IV-B.

The United States contends that Ms. Distefano defaulted on her loan obligations on March 8, 1984. Based on the alleged default, the guaranty agency

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

paid the holder of the note $3,161.89. As the guaranty agency was unable to collect the debt, the DOE reimbursed the guaranty agency under its reinsurance agreement. On October 2, 1991, the DOE took assignment of the unpaid loans.

The United States filed this action on June 13, 2000. In an affidavit filed in support of its motion for summary judgment, the United States contended that only $400 was ever paid on the loans from any source, that Ms. Distefano owed $6,072.67 in principal and interest as of May 1, 2000, and that interest continues to accrue at the rate of $0.69 per day. The district court granted judgment in favor of the United States in the principal sum of $2,811.67, plus interest of $3,498.73 through March 27, 2001, plus post-judgment interest and $150.00 filing fee.

"We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Hollins v. Delta Airlines*, 238 F.3d 1255, 1257 (10th Cir. 2001). Summary judgment is proper if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (quotation omitted).

1. **Statute of limitations**

We first consider Ms. Distefano's argument that this action is barred by the statute of limitations. In support of her argument, she references 20 U.S.C. § 1091a(a)(4)(B) and (C) (1986). These subsections, in effect until 1991, required the Attorney General to file suit within six years of the date a delinquent loan was assigned to the Secretary of Education.

Effective April 9, 1991, however, Congress amended § 1091a to eliminate the statute of limitations associated with collection of Title IV-B student loans. Section 1091a(a)(2) now provides:

> Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by --
>
> . . .
>
> (B) a guaranty agency that has an agreement with the Secretary . . . that is seeking the repayment of the amount due from a borrower on a loan made under part B of this subchapter [Title IV-B] after such guaranty agency reimburses the previous holder of the loan for its loss on account of the default of the borrower; [or]
>
> . . .
>
> (D) the Secretary, the Attorney General, or the administrative head of another Federal agency, as the case may be . . . for the repayment of the amount due from a borrower on a loan made under this subchapter and part C of subchapter I of chapter 34 of Title 42 that has been assigned to the Secretary[.]

The revised version of § 1091a thus abrogated the previous statute of limitations. The abrogation operates retroactively and is constitutional. *United States v. Hodges*, 999 F.2d 341, 341-42 (8th Cir. 1993).

Moreover, in Ms. Distefano's case, by the time the DOE took assignment of the defaulted loans (the event that would have started the six-year clock under the 1986 statute) the new version of § 1091a eliminating the statute of limitations had already gone into effect. Thus, this case does not present the sort of retroactivity problem that arises when a new statute revives claims *already barred* under a previous statute of limitations. Even if it did, the Supreme Court has upheld, against due process challenges, statutes reviving such barred claims. *See Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 311-14 (1945); *Campbell v. Holt*, 115 U.S. 620, 628 (1885). As have we. *See Bernstein v. Sullivan*, 914 F.2d 1395, 1400-03 (10th Cir. 1990).

The Supreme Court has indicated in dicta the possibility that abrogation of a statute of limitations might result in a due process violation if it resulted in "special hardships or oppressive effects." *Chase Sec.*, 325 U.S. at 316. Construing Ms. Distefano's *pro se* brief broadly, she may present such an argument. Ms. Distefano argues that her father paid off her loans in 1982. She contends that since her father's bank only keeps cancelled checks for five years, and since her father died in 1997, she has been unable to substantiate the

payment. She also complains that the DOE did not demand payment on the notes until seventeen or eighteen years after they first became due.

These facts are not sufficient to establish special hardship, however. First, we note that even under the prior six-year statute of limitations, the attorney general would have had until October 2, 1997 to bring suit. Thus, abrogation of the statute of limitations extended the time period before suit was brought by less than three years. Ms. Distefano fails to show that the harms she complains of are attributable in any way to this three-year delay.

If anything, most of the lapse in time can be attributed to Congress's decision, in the former version of § 1091a, not to begin running the six-year statute of limitations against the Attorney General until the date of assignment to DOE. To the extent Ms. Distefano argues that the seven-year delay between default and assignment constitutes a special hardship, however, this argument must also fail. Courts have routinely rejected statute of limitations arguments in cases involving delays much longer than seven years between default and assignment. *See United States v. McLaughlin*, 7 F. Supp. 2d 90, 91 n.3 (D. Mass. 1998) (collecting cases).

Turning to Ms. Distefano's claim concerning demand for payment, the affidavit of Jessica Liu, loan analyst, states that "[t]he holder of the notes made demand for payment according to the terms of the notes." R. doc. 10,

Liu Declaration at 2. Although no date is given for the alleged demand, a reasonable inference may be drawn that it was made prior to the date the guaranty agency paid the holder, sometime between March 8, 1984, and October 2, 1991. Ms. Liu's affidavit further recites that the guaranty agency attempted to collect the debt from Ms. Distefano before the assignment was made. Such collection attempts are required by statute, prior to reimbursement by the Secretary of the guaranty agency's loss. *See* 20 U.S.C. § 1080(a). Ms. Distefano has presented no testimony, by affidavit or in other form suitable for consideration on summary judgment, that contradicts the claim of the United States that demand for payment was made many years prior to the institution of this suit. She has failed to show a special hardship, resulting in a denial of due process, in her case. [2]

2. **Alleged repayment**

Ms. Distefano argues that her father paid off her loans in 1982, using a check from the drugstore he owned at that time. Unfortunately, she did not present this argument in district court through a signed affidavit or through other evidence that would be admissible to rebut the United States' showing on

---

[2]     Ms. Distefano's pleadings might also be read to state a defense of laches. Such a defense would fail, however, because laches may not be asserted against the United States in an action brought to enforce a public right or a public interest. *See, e.g., United States v. Telluride Co.*, 146 F.3d 1241, 1246 n.7 (10th Cir. 1998).

summary judgment that she owed the debt. Fed. R. Civ. P. 56(e). In general, litigants proceeding *pro se* are held to the same procedural standards as those with counsel. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The district court properly determined that Ms. Distefano's claim of repayment was unsupported by the evidence and could not survive summary judgment.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. Ms. Distefano's motion to proceed *in forma pauperis* is GRANTED. All pending motions are DENIED. The mandate shall issue forthwith.