**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MADYUN ABDULHASEEB,
a/k/a Jerry L. Thomas,

Plaintiff-Appellant,

v.

STEVE HARGETT, Warden of LARC;
ALBERT E. SHULTS; JACK
HAWKINS, Chaplain at Davis
Correctional; ED STOLTZ, Religious
Coordinator for Oklahoma DOC,

Defendants-Appellees.

No. 05-7051
(D.C. No. 98-CV-296-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this civil rights action, brought pursuant to 42 U.S.C. § 1983, pro se inmate Madyun Abdulhaseeb alleges numerous instances of religious discrimination at the Lexington Correctional Center (LCC), retaliatory transfer to the Mack Alford Correctional Center (MACC), and further retaliation at MACC. This case is before us a second time. In a previous decision, we affirmed the district court's dismissal and/or grant of summary judgment on certain claims contained in Mr. Abdulhaseeb's amended complaint, but reversed the dismissal or grant of summary judgment on Counts One, Four, Five, Twelve, Fourteen, Eighteen, and portions of Count Two of the complaint. *Abdulhaseeb v. Saffle*, 65 F. App'x 667, 676 (10th Cir. 2003) (unpub.).

On remand, the district court appointed counsel for Mr. Abdulhaseeb, permitted him to amend his complaint in part, and granted summary judgment to certain defendants in the case. The case proceeded to trial against the remaining defendants, and a jury found in favor of the defendants on all counts. On appeal, Mr. Abdulhaseeb challenges numerous of the district court's pretrial, trial, and post-trial rulings. We affirm in all respects.

Construing Mr. Abdulhaseeb's pro se appellate briefing broadly, *see, e.g., United States v. Distefano*, 279 F.3d 1241, 1244 (10th Cir. 2002), we discern

-2-

nearly twenty claims of error associated with the proceedings in this case. A number of these claims, however, should be disposed of summarily based on violations of appellate rules or other fundamental principles. "This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation omitted).

First, to the extent Mr. Abdulhaseeb challenges events that he alleges occurred during jury selection and at trial, we cannot review his contentions, because he has failed to provide us with a transcript of the proceedings applicable to those claims. *See* 10th Cir. R. 10.1(A)(1) (describing appellant's duty to provide portions of transcript necessary to review of appellate issues); *King v. Unocal Corp.*, 58 F.3d 586, 587-88 (10th Cir. 1995). Thus, we cannot review his claims that he was denied a fair trial by the defendants' use of a peremptory challenge to remove an African-American juror from the jury panel; that defendant Steve Hargett presented perjured testimony; that the defendants suppressed evidence on his issues; that Judge Seay improperly ordered the parties to settle after Mr. Abdulhaseeb testified; that he was entitled to judgment as a matter of law based on the evidence presented at trial; that defendants' counsel improperly accused him of religious bigotry in his closing argument; and that conflict of interest with his counsel resulted in an unfair trial. There is simply no

record available from which a principled determination may be made on these claims.

Second, we cannot grant relief based on allegations of ineffective assistance of counsel in a civil case. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Thus, Mr. Abdulhaseeb's claims that his attorney improperly failed to provide him with notice of scheduling and pretrial conferences; failed to call witnesses Mr. Abdulhaseeb wished to call; refused to file motions to certify his case as a class action and to add a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc–2000cc-5 (RLUIPA); improperly failed to object to events prior to trial or at trial; improperly failed to renew his motion for judgment as a matter of law after trial; violated attorney-client privilege; and any other claim concerning ineffective assistance by Mr. Abdulhaseeb's court-appointed counsel, do not provide a basis for reversal of the district court's orders he challenges in this case.

Third, we will not consider claims not raised before the district court. *See, e.g., Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Mr. Abdulhaseeb argues that the district court conspired with his appointed counsel, the defendants, and their attorneys, to ruin his case in the name of Christianity. He also asserts that the district court appointed an attorney for him as part of the conspiracy to destroy his case. Although he complained of a

-4-

conflict of interest with counsel in the district court, the record does not contain assertions of the sort of wide-ranging conspiracy now urged on appeal. Stripped of their patina of conspiracy, most of his allegations are merely complaints about ineffective assistance of counsel, which we have already stated cannot result in appellate relief for Mr. Abdulhaseeb. We will not consider these allegations of a conspiracy for the first time on appeal. Moreover, even if we were to consider them, on the record we have, there is no evidence from which we could find that the parties allegedly involved conspired to deny Mr. Abdulhaseeb a fair trial.

Having sorted the wheat from the chaff, we now consider specifically those claims properly preserved, presented, and supported on appeal. Mr. Abdulhaseeb challenges the district court's denial of a number of motions he filed in this case. We will consider each of these contentions in turn.

Before trial, Mr. Abdulhaseeb filed a motion seeking recusal of Judge Seay pursuant to 28 U.S.C. § 455. R., Vol. V, doc. 233. The bases for recusal were the judge's prior rulings in the case, his "Reagan/Bush conservative Republican, states' rights views," and his "intolerable views about Islam and Muslim[] inmates." *Id.* at 1. The district court denied the motion summarily. *Id.* doc. 237. We review this denial for an abuse of discretion. *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir. 1994). Allegations of bias based on a judge's prior rulings in a case ordinarily do not provide a basis for recusal

-5-

under § 455. *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). Moreover, "the inquiry [concerning bias] is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* (quotation omitted). Mr. Abdulhaseeb's motion does not cite a single manifestation, other than rulings in the case, of the trial judge's allegedly biased views. The district court did not abuse its discretion in denying the motion for recusal.

Mr. Abdulhaseeb also challenges the district court's denial of his motion to dismiss his appointed counsel, filed one week before trial. R., Vol. V, doc. 228. Shortly before Mr. Abdulhaseeb filed this motion, his counsel also filed a motion requesting permission to withdraw as attorney, contending that Mr. Abdulhaseeb had threatened him. *Id.* doc. 226. The district court denied both motions. *Id.* doc. 240. Mr. Abdulhaseeb contends that the district court should not have forced him to proceed to trial represented by counsel whom he had sought to discharge.

Civil litigants do not have a Sixth Amendment right to self-representation. *See generally Austin v. United States*, 509 U.S. 602, 608 (1993) (stating Sixth Amendment protections do not apply in civil cases). They do, however, have a statutory entitlement to proceed pro se in the federal courts. 28 U.S.C. § 1654. While the doctrine of "harmless error" does not apply to a claim of deprivation of this right, *see Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 580

(11th Cir. 1997), neither is the right absolute, *United States v. Akers*, 215 F.3d 1089, 1096-97 (10th Cir. 2000). A litigant seeking to proceed pro se must, among other things, "clearly and unequivocally assert his intention to represent himself." *Id.* at 1097 (quotations omitted).

On the record presented, we are unable to determine whether Mr. Abdulhaseeb clearly and unequivocally asserted his intention to represent himself. His motion to dismiss his counsel only lists his reasons for dissatisfaction with counsel, and does not request permission to proceed pro se. Nor is there any affirmative request for substitution of counsel. Furthermore, we do not have the transcript of the motion hearing at which the motion was presented and argued.[1] On this record, we cannot find a violation of Mr. Abdulhaseeb's right to proceed pro se in this case. Nor can we determine whether, if Mr. Abdulhaseeb requested substitute counsel at the hearing, the district court abused its discretion in denying the request. We must therefore

---

[1] In their brief, defendants assert that at some point "the District Court gave [Mr. Abdulhaseeb] the option of firing his lawyer and proceeding with trial . . . *pro se* or retaining his lawyer. [He] then decided to withdraw his motion to fire his lawyer." Aplee. Br. at 6. There is no evidence in the record to support this assertion, which Mr. Abdulhaseeb denies. *See* Aplt. Reply Br. at 5. We note that defendants' representation is inconsistent both with the district court's order denying the motion to discharge counsel, R., Vol. V, doc. 240, and with Mr. Abdulhaseeb's counsel's later representations (1) that the motion had been denied (rather than withdrawn), and (2) that its denial might provide Mr. Abdulhaseeb with an appellate issue, *id.* doc. 260.

affirm the district court's denial of the motion to discharge Mr. Abdulhaseeb's attorney.

Mr. Abdulhaseeb challenges a number of decisions of the district court that are reviewed for an abuse of discretion. He requested a change of venue: more precisely, that the trial in this matter be held in the Western District of Oklahoma rather than at the facility in McAlester where he resided at the time of trial. R., Vol. V, doc. 234. We discern no abuse of discretion in the district court's decision to hold the trial in McAlester rather than in the Western District.

Mr. Abdulhaseeb also challenges the district court's denial of his motion to add a RLUIPA claim. *Id.* doc. 235. This motion was filed less than a week before the commencement of trial. We discern no abuse of discretion in the district court's denial of the motion.

Finally, Mr. Abdulhaseeb challenges the district court's refusal to certify this case as a class action. We discern no abuse of discretion in this decision.

In his reply brief, Mr. Abdulhaseeb accuses the district court of "misleading the jury intentionally in his jury instructions." Aplt. Reply Br. at 19. Although he has included within the record the jury instructions in the case, R., Vol. V, doc. 258, he does not raise a sufficiently specific claim for purposes of our review.

The judgment of the district court is AFFIRMED.  All pending motions are denied.

Entered for the Court

Bobby R. Baldock
Circuit Judge