**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN O'NEIL,

      Plaintiff - Appellant,

v.

THE BURTON GROUP,

      Defendant - Appellee.

No. 13-4032
(D.C. No. 2:09-CV-00862-DBP)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLLOWAY**[**], and **PHILLIPS**, Circuit Judges.

Plaintiff-Appellant Kevin O'Neil appeals from the magistrate judge's order

dismissing his employment discrimination claims with prejudice and granting

costs. O'Neil v. The Burton Grp., No. 2:09-CV-862-DBP (D. Utah, C.D., Feb. 5,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The late Hon. William J. Holloway, Jr., Senior United States Circuit Judge, was assigned to this matter originally but passed before final disposition. "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." United States v. Wiles, 106 F.3d 1516, 1516 n.*(10th Cir. 1997); see also 28 U.S.C. § 46(d) (noting circuit court may adopt procedures permitting disposition of an appeal where remaining quorum of panel agrees on the disposition). The remaining panel members act as a quorum with respect to this order and judgment.

2013); Aplt. App. 64-69.  The case was heard by a magistrate judge by consent. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Mr. O'Neil argues that the court abused its discretion by (1) denying his attorney's request to withdraw, (2) holding him to a heightened standard in presenting evidence, and (3) failing to properly apply the factors in Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

In 2009, Mr. O'Neil, a California resident, filed a complaint against his employer, The Burton Group ("Burton"), a Utah-based company, in federal district court in Utah.[1]  Aplt. App. 1, 10.  He alleged several federal employment discrimination claims against Burton.  Aplt. App. 13-20.

For several months, the parties attempted to schedule Mr. O'Neil's deposition in Salt Lake City, Utah, which ultimately was set for July 11, 2012. Aplt. App. 45, 46.  During these scheduling conversations, Mr. O'Neil "convey[ed] his desire not to travel to Utah."  Aplt. App. 45.

On July 11, 2012, Mr. O'Neil did not appear for his deposition; his attorney had not moved for a protective order.[2]  Aplt. App. 46.  Burton then sought to

---

[1]  According to Mr. O'Neil, he first filed charges in California in 2006 but his suit was dismissed for lack of jurisdiction.  Aplt. Br. 4, 6.

[2]  A few weeks before the deposition, on June 25, 2012, Mr. O'Neil's attorney filed a motion to withdraw due to health issues and because he and Mr.

compel Mr. O'Neil's deposition and sanctions.  Aplt App. 5.  Mr. O'Neil's attorney filed a declaration in response explaining that he had tried to convince Mr. O'Neil to attend the deposition but to no avail.[3]  Aplt. App. 38.

During arguments on Burton's motion to compel, the parties agreed to a settlement conference on December 13, 2012, in Salt Lake City.  Aplt. App. 49-50.  If the settlement conference proved unsuccessful, Mr. O'Neil was to appear in person for his deposition the following day—December 14, 2012.  Aplt. App. 50.  As the magistrate judge explained, deposing the plaintiff in the district where the suit was brought is generally appropriate because the plaintiff selected that forum.  Aplt. App. 46-47.  The court granted the motion to compel and warned that if Mr. O'Neil failed to cooperate, it would consider dismissing Mr. O'Neil's case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).[4]  Aplt. App. 47, 50.  The court also awarded Burton attorney's fees and costs incurred for scheduling the deposition and bringing the motion to compel.  Aplt. App. 50.

---

O'Neil "developed fundamental differences of opinion" as to how to resolve Mr. O'Neil's claim and discovery disputes.  Aplt. App. 32-33.   The motion was denied in a June 26, 2012 docket text order, which stated that the motion failed to comply with filing rules and that the court would not grant any withdrawal motion before discovery was complete.  Aplt. App. 4.

[3]  In a June 19, 2012 e-mail, Mr. O'Neil told his attorney that he would not be coming to Utah and to "inform" Burton and "the Court of my response and let the [J]udge decide."  Aplt. App. 38.

[4] Rule 37(b)(2)(A)(v) permits a court to dismiss an action for "fail[ing] to obey an order to provide or permit discovery."

On November 30, 2012, approximately two weeks before the settlement conference was to occur, Mr. O'Neil e-mailed the magistrate judge directly, requesting that he be excused because he could not afford to travel from California to Utah. Aplt. App. 51. The magistrate judge explained that Mr. O'Neil needed to direct his request to another magistrate judge (assisting with pretrial proceedings) in the form of a formal motion. Aplt. App. 51. Although the court was sympathetic concerning Mr. O'Neil's financial situation, it nonetheless reminded him that his failure to obey its order could result in his case being dismissed. Aplt. App. 51-52.

On December 8, 2012, as part of his confidential settlement statement, Mr. O'Neil sent an e-mail to the magistrate judge "express[ing] dissatisfaction with the legal system and inform[ing] the Court that he will not be attending the settlement conference." Aplt. App. 56. The court construed the e-mail in part as a motion to continue, which it denied, reiterating its admonition about dismissing Mr. O'Neil's case if he failed to comply with its order. Aplt. App. 56-57.

Mr. O'Neil did not appear for the settlement conference or his deposition.[5] Aplt. App. 66. Accordingly, Burton filed a memorandum of costs associated with the prior motion to compel and a motion to dismiss the case with prejudice. Aplt.

---

[5] Two days before the settlement conference, on December 11, 2012, at Mr. O'Neil's request, Mr. O'Neil's counsel again filed a motion to withdraw, noting that Mr. O'Neil "expressly informed me that I have no authority to negotiate anything regarding possible settlement of the case on his behalf." Aplt. App. 58. The motion was denied. Aplt. App. 6.

App. 64, 66. On February 5, 2013, the court granted Burton's unopposed memorandum for costs. Aplt. App. 69. It also dismissed Mr. O'Neil's case with prejudice after weighing the factors in Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992), and determining that Mr. O'Neil's failure to attend either the settlement conference or the deposition (1) prejudiced Burton in time, resources, and its ability to defend the case against it, (2) disregarded the court's authority by failing to comply with its orders, (3) was not excused by Mr. O'Neil's financial difficulties, (4) was done despite repeated warnings, and (5) would not be remedied by lesser sanctions, given Mr. O'Neil's repeated failures and the court's earlier imposition of costs. Aplt. App. 67-68.

Four months later, on June 19, 2013, Mr. O'Neil filed a motion to supplement the record under Fed. R. App. P. 10(e)(2) or, alternatively, for the court to take judicial notice under Fed. R. Evid. 201 of (1) his 2006 filing of charges in California, which he contends demonstrates that Utah was not his preferred forum; and (2) that he was previously deposed by Burton in an employment matter, thus he could have been deposed the second time remotely. Aplt. App. 8-9; 70-74.

On July 15, 2013, the magistrate judge denied Mr. O'Neil's motion, stating that Rule 10(e)(2) does not permit Mr. O'Neil to build a new record after the fact when he never brought the documents to the court's attention in the three years that his case was pending; and, under Fed. R. Evid. 201, a court cannot take

judicial notice of facts not properly before it.  Aplt. App. 72-74.

Discussion

Mr. O'Neil argues that the magistrate judge erred in dismissing his suit

with prejudice and awarding costs to Burton because (1) it failed to grant his

attorney's motion to withdraw, (2) it held Mr. O'Neil to a heightened standard

when it would not recognize the supplemental evidence he noted in his e-mails to

the court, and (3) it improperly applied the Ehrenhaus factors in favor of

dismissal.  We review these actions for an abuse of discretion.  See Ehrenhaus,

965 F.2d at 920.

A.      Motion to Withdraw

Mr. O'Neil argues that the denial of his attorney's withdrawal motion[6] was

"unreasoned and arbitrary" and misapplied the factors set forth in United States v.

Mendez-Sanchez, 563 F.3d 935, 942 (9th Cir. 2009).  However, Mr. O'Neil's

contention that any timeliness concerns "evaporated" when trial was rescheduled

a year later overlooks the fact that the second withdrawal motion affected not the

trial but the settlement conference and twice-rescheduled deposition set for two

days later.  Nor does Mr. O'Neil demonstrate how his refusal to attend the

---

[6]   Although the court denied two motions to withdraw by Mr. O'Neil's
attorney, we understand Mr. O'Neil's argument as addressing the second motion,
filed on the eve of the settlement conference and denied in a docket text order
without explanation.  See Aplt. App. 6.

settlement conference or his deposition somehow would be ameliorated by the granting of his attorney's untimely motion to withdraw. The magistrate judge acted within its discretion in managing the case and denying the motion. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998).

B.     Correspondence with the Court

Mr. O'Neil argues that the court improperly held him to a standard of a lawyer when he asked it take into account his prior proceedings, depositions, and indigence. Aplt. Br. 16. He argues that he was penalized for his attorney's failings. Aplt. Br. 16-17 (citing Barber v. Turberville, 218 F.2d 34, 36 (D.C. Cir. 1954) ("[T]he courts have been reluctant to attribute to the parties the errors of their legal representatives.")).

Mr. O'Neil was represented by counsel who was required to follow court rules. Even if Mr. O'Neil had proceeded pro se, he is still obligated to comply with the same procedural standards as those with counsel. United States v. Distefano, 279 F.3d 1241, 1245 (10th Cir. 2002).

C.     The Ehrenhaus Analysis

Mr. O'Neil argues that the court erred in dismissing his suit with prejudice under the factors in Ehrenhaus, 965 F.2d at 920-21. In particular, Mr. O'Neil contends that (1) the magistrate judge improperly found him culpable for failing to appear when he was financially unable to travel from California to Utah, Aplt. Br. 17; (2) Burton was not prejudiced by his failure because it already deposed

him and could have done a second deposition remotely, Aplt. Br. 19; (3) the court improperly relied upon Encon Int'l, Inc. v. Garrahan, No. 11-2137-KGS, 2012 WL 3890337, at *2 (D. Kan. Sept. 7, 2012), which "did not involve the sanctioned party's choice of forum," Aplt. Br. 20; and (4) lesser sanctions could have been imposed, Aplt. Br. 21-22.

We are not persuaded. First, the magistrate judge did consider Mr. O'Neil's alleged financial situation but nonetheless warned him repeatedly that he needed to appear in person for his deposition. Second, Burton was prejudiced by the time and money wasted in having to compel Mr. O'Neil to appear at the second-scheduled deposition and then having Mr. O'Neil fail to appear once again. Third, Mr. O'Neil reads Encon too narrowly. Encon merely supports a district court's decision to dismiss a suit with prejudice for a party's failure to appear, especially after the party has been warned repeatedly about the consequences of such a failure. Encon, 2012 WL 3890337, at * 2. As such, Encon fully supports what was done here. Finally, simply because lesser sanctions were available does not mean that the court was obligated to apply them.

We remind Mr. O'Neil that he was repeatedly warned that the failure to follow the court's order would result in the dismissal of his case with prejudice. Nonetheless, Mr. O'Neil chose not to appear.

AFFIRMED.  The motion to take judicial notice of certain facts is

DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge