**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELISSA BLACK,

       Plaintiff - Appellant,

v.

LARIMER COUNTY,

       Defendant - Appellee.

No. 17-1139
(D.C. No. 1: 15-CV-00340-RBJ)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

---

On April 17, 2014, Larimer County, Colorado (the County) hired Melissa Black to

perform seasonal work as a restroom custodian in its parks department. She alleges that

during her employment she was sexually harassed and intimidated by a co-worker. On

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

June 15, 2014, she quit due to the alleged harassment.[1]

Black complained to the United States Equal Employment Opportunity Commission (EEOC). After investigating the matter, it was "unable to conclude that the information obtained establishes a [Title VII] violation[]" but issued Black a right to sue letter. (R. Vol. 1 at 34.)

On February 17, 2015, Black sent a letter to the Clerk of the United States District Court for the District of Colorado requesting court-appointed counsel. She also informed the court she was in the process of moving from Colorado to the State of Washington but she would be using her Colorado address until she could submit a permanent Washington address. The court construed the letter as a request to open a civil action.

The next day, a magistrate judge issued an order informing Black that the court had commenced a civil action on her behalf. He denied her request for appointment of counsel as premature. He concluded the February 17 letter was deficient and she had 30 days to file a complaint or the action would be dismissed without further notice. She did not file a complaint. The district judge (hereinafter judge) dismissed the action without prejudice on March 27, 2015.

About a month later, Black filed a motion to reopen the case, claiming she had not

---

[1] It consisted of her co-worker: (1) slapping her hip "as if he was going to slap [her] butt"; (2) asking her "Why do females wrap-up [their tampons and sanitary pads] and not put [them] in the bin?"; (3) "lean[ing] into/on the driver's side window" of her truck while she was in the driver's seat, "which put him about 8 inches from [her] face"; and (4) following her into a restroom she was cleaning and asking her to pressure wash an area. (R. Vol. 1 at 35.) The County claims it investigated the matter after Black quit and decided her claims were unfounded.

received the magistrate's order until March 30, 2015. On that date, she mailed her complaint but it was returned to her on April 22, 2015. She also claimed not to have received the March 27 dismissal order until April 2, 2015, and to have been in Kentucky from April 8, 2015, through April 21, 2015, due to a death.

On December 11, 2015, the judge granted the motion to reopen and gave Black 30 days to file her complaint or the case would be dismissed without further notice. She filed her complaint on January 13, 2016. By that time, Black was residing in Washington.

A scheduling conference was held on June 21, 2016. Black appeared by telephone. At the conference, the County requested that Black appear in person in Colorado for her deposition. When the judge asked Black when it would be convenient for her to travel to Colorado, she responded "[i]t wouldn't be." (R. Vol. 2 at 27.) He informed her the County had the right to take her deposition in Colorado because she filed the lawsuit there. The parties ultimately agreed Black would physically appear for her deposition in Colorado on September 6, 2016.

On August 10, 2016, Black emailed the County saying she did not have the funds to travel to Colorado. She suggested the deposition occur instead via telephone or written questions. The County reminded her of the judge's requirement of her personal appearance in Colorado and it would not agree to the deposition occurring by telephone or by written questions.

Black moved for a protective order to excuse her from traveling to Colorado for

her deposition. The County opposed the motion, arguing the cost for Black to travel to Colorado is not unreasonable. And, it claimed, taking her deposition by telephone or by written questions would be inadequate. In both circumstances, the County said, it loses the ability to observe Black's demeanor to assess her credibility. While the County considered the option of a video-conference deposition, the cost of such service is $400 per hour, far more than the cost for Black to travel to Colorado.

The judge denied Black's motion for protective order on October 17, 2016:

The Court discussed this subject with the parties at the Scheduling Conference, and plaintiff agreed to appear in Colorado for a deposition on September 6, 2016. While travel may present an economic hardship, the alleged discrimination occurred in Colorado, the suit was filed in Colorado, and the defendant is entitled to take plaintiff's deposition in Colorado, absent very unusual circumstances which do not exist. If plaintiff is successful in the lawsuit, the Court will award costs, including reimbursement of all costs reasonably incurred for the trip to Colorado including travel, lodging and meals. The deposition should be taken before the discovery cut−off date, December 31, 2016. However, if plaintiff is unwilling to travel to Colorado for her deposition, she may voluntarily dismiss the case or face the likelihood that the case will be dismissed by the Court without prejudice for failure to prosecute.

(R. Vol. 1 at 96.)

That same day, the County contacted Black via email to reschedule her deposition and suggested several dates. Black did not respond. The County emailed her again on November 2 requesting dates for her deposition and sent her a hard copy of the email via U.S. mail. Again, no response from Black. As a result, the County unilaterally selected December 2, 2016, to take her deposition and sent Black notice via email and U.S. mail. It asked Black to let it know if she did not intend to be present. Black chose to again ignore the notice and did not appear on December 2. However, a court reporter did,

- 4 -

requiring the County to incur a non-appearance fee.

On December 13, 2016, the County filed a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b). Black did not specifically respond to the motion to dismiss. Instead, she filed a motion to join additional claims (conspiracy, False Claims Act based on the denial of unemployment insurance, and intentional infliction of emotional distress) and parties (the EEOC and the County's attorney) and a motion to extend the scheduling conference deadlines.

On March 21, 2017, the judge granted the County's motion to dismiss based on Black's failure to appear for her deposition as ordered. He denied as moot Black's motion to join additional claims and parties and for extension of the scheduling deadlines. Judgment was entered the same day. On June 14, 2017, he amended the judgment to clarify the dismissal was without prejudice.[2]

---

[2] Prior to entry of the amended judgment, the County filed a motion to dismiss this appeal for lack of jurisdiction because Black's notice of appeal from the original judgment was filed one day late. *See* 28 U.S.C. § 2107(a); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). While she filed a post-judgment motion to vacate under Fed. R. Civ. P. 60, that motion, the County said, did not toll the time to appeal because it was untimely. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (stating a Rule 60 motion will extend time to appeal if it is filed "no later than 28 days after the judgment is entered").

On June 14, 2017, the judge construed Black's reply brief in support of her motion to vacate as a timely request for an extension of time to appeal. *See* 28 U.S.C. § 2107(c). He also decided there was a clerical mistake in the judgment because it did not specify whether the dismissal was with or without prejudice. He therefore amended the judgment to clarify the dismissal was without prejudice. Although the judge interpreted the rules to allow Black 30 days to file a notice of appeal from the amended judgment, the rules only allowed him to extend the time for 14 days. *See* Fed. R. App. P. 4(a)(5)(C). As a result,

(Continued . . .)

Discussion

A judge may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (quotation marks omitted). We review an order of dismissal for failure to prosecute for abuse of discretion. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236. A district court abuses its discretion if it "makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quotation marks omitted). Because Black is proceeding pro se, we liberally construe her pleadings, stopping short however of serving as her advocate. *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012). Black's pro se status does not excuse her from following

---

he told Black "she might wish to file her notice of appeal within 14 days of this order [by June 28, 2017] to be on the safe side." (Dist. Ct. Doc. No. 63 at 2.) Black did so, filing an amended notice of appeal on June 26, 2017. Her appeal is timely, both as to the original judgment and the amended judgment.

Although the dismissal order was without prejudice, it is final and appealable because it expressly dismisses the entire "case," *see* Dist. Ct. Doc. No. 64 at 1, and Black has "been effectively excluded from federal court under the present circumstances." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."); *see also Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006) ("[I]f a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable.").

- 6 -

the same procedural rules that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Black claims her case ought not to have been dismissed for failure to prosecute. We see it differently.

We took pains to lay out the procedural history of this case and need not repeat it here. That history makes one thing apparent—Black had no intention of traveling to Colorado for her deposition despite being twice ordered to do so and despite being warned that if she did not appear in Colorado for her deposition dismissal without prejudice was likely. We see no abuse of discretion in the judge making good on his promise. *See Gates v. United States*, 752 F.2d 516, 517 (10th Cir. 1985) (district court did not abuse its discretion in dismissing plaintiffs' complaint for failure to appear at their court-ordered depositions); *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (affirming dismissal for failure to appear in person for second-scheduled deposition despite plaintiff alleging he could not afford to travel from California to Utah for the deposition).

Black resists with arguments consisting mainly of bullet points rather than full sentences; they are not a model of clarity. Nevertheless, we discern three key arguments.

First, she faults the judge for not considering the *Ehrenhaus* factors prior to dismissing her case.[3] Generally, "Rule 41(b) involuntary dismissals should be

_____

[3] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (factors to consider before choosing dismissal as a sanction include: (1) "the degree of actual

(Continued . . .)

determined by reference to the *Ehrenhaus* criteria.'" *Gripe v. City of Enid, Okla.*, 312

F.3d 1184, 1188 (10th Cir. 2002) (quotation marks omitted). However, when, as here,

the dismissal is <u>without prejudice</u>, consideration of those factors is not required.

*AdvantEdge Bus. Grp.*, 552 F.3d at 1236; s*ee also Nasious v. Two Unknown B.I.C.E.*

*Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("[A] district

court may, without abusing its discretion, enter [a Rule 41(b) dismissal order without

prejudice] without attention to any particular procedures.").

Second, Black contends the judge's order denying her motion for a protective

order was deficient because it was a text-entry only (minute order) and did not contain

any order compelling her to appear. She is wrong on both counts. The minute order

reiterated Black's agreement at the scheduling conference to physically appear in

Colorado for her deposition. Although it did not contain explicit language "ordering" her

to appear in Colorado, it did so implicitly by denying her motion for a protective order,

which sought to prevent her appearance in Colorado for her deposition. And the minute

order, although not a formal written order, is an "'order,' the disobedience of which

justified dismissal under Rule 41(b)."[4] *See Yourish v. California Amplifier*, 191 F.3d

---

prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) "the culpability of the litigant"; (4) "whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance"; and (5) "the efficacy of lesser sanctions.") (quotation marks omitted). Even were these factors applicable, they clearly support dismissal.

[4] Black also argues she did not need to appear at the September 6 deposition because her motion for protective order was still pending at that time. Perhaps, but by October 17 the judge had denied that motion and required her to appear in Colorado for

(Continued . . .)

983, 987 (9th Cir. 1999).

Finally, Black blames the County for demanding she physically appear in Colorado for her deposition rather than allowing her to appear remotely via telephone or to provide written admissions or an affidavit. She complains she lacked the funds and time to travel to Colorado. She also tells us that victims of sexual assault, like herself, ought not to have to attend their depositions in person due to the sensitive nature of the events. She also goes so far as to accuse the County of exploiting her pro se status.

Black's attempts to avoid responsibility for the consequences of her actions are futile. The district judge considered the economic hardship of Black having to travel to Colorado but nevertheless ordered her to physically appear in Colorado for her deposition because the alleged harassment occurred in Colorado and she filed suit there. And, as the County pointed out in opposing the motion for protective order, it was imperative that Black appear in person so it could witness her demeanor for purposes of judging her credibility. Such judgment cannot be made via written questions, affidavit, or telephonic depositions. Finally, there is no evidence the County acted improperly in requiring her to appear in person; it was simply trying to adequately defend itself.[5]

---

her deposition. She not only refused to cooperate in rescheduling her deposition, she also failed to appear at the December 2 deposition.

[5] Black also appears to claim there was no need for her deposition because she had already submitted to four hours of interviews under oath and most of the facts are undisputed. Although we are not certain, it appears Black is referring to the interviews that occurred during the County's and/or EEOC's investigations. But those interviews are not an adequate substitute for a deposition conducted by an attorney in the course of litigation. And Black's allegations were and continue to be disputed by the County.

The district judge bent over backward to accommodate Black, but, it appears, nothing short of "doing it her way" would suffice. Such an obstinate and self-centered approach is intolerable.

**AFFIRMED**. We **DENY** the County's motion to dismiss the appeal for lack of jurisdiction.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge